# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. LUCAS,<br><br>　　　　Defendant. | Case No.: 1:18-cv-00396-AWI-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.
## INTRODUCTION

Plaintiff Melvin Ward is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court for screening is Plaintiff's complaint, filed on March 23, 2018. (ECF No. 1.)

## II.
## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## SUMMARY OF COMPLAINT ALLEGATIONS

Plaintiff names as a defendant J. Lucas, a correctional sergeant at Avenal State Prison. Plaintiff alleges that Defendant Lucas collaborated with psychologist M. Crawley to fabricate evidence of a crime against Plaintiff, for which he is currently serving a 17-year sentence. Specifically, Defendant Lucas testified under oath that Plaintiff threatened him and his family, but he was lying. Plaintiff asserts that Defendant Lucas committed perjury and intentionally defamed him.

Plaintiff attaches exhibits to his complaint, including a duty to warn chrono written by M. Crawley, Ph.D., clinical psychologist. The chrono states that on March 11, 2010, Dr. Crawley had a confidential therapy session with Plaintiff, and he stated that Defendant Lucas had put his hands on Plaintiff's neck. Plaintiff further stated, "I'll kill the f—cking bastard if I get the chance." (ECF No. 1, at 10.) Dr. Crawley informed Plaintiff that direct threats must be reported, and she notified the Defendant Lucas, the Facility I Captain, and the Chief of Mental Health.

Plaintiff seeks monetary damages.

///

**IV.**

**DISCUSSION**

**A.  Testimony**

Plaintiff's claim against Defendant Lucas appears to be based entirely on the fact that Defendant Lucas testified under oath that Plaintiff threatened him and his family, but this was false testimony. Plaintiff cannot state a claim based on false testimony in a judicial proceeding, because a testifying witness is absolutely immune from any § 1983 claim on that basis. See Meyers v. Contra Costa Cty. Dep't of Soc. Servs., 812 F.2d 1154, 1156 (9th Cir. 1987) ("[W]itnesses are immune from liability [under § 1983] for their testimony"). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." Paine v. City of Lompoc, 265 F.3d 975, 981 (9th Cir. 2001) (citing Briscoe v. LaHue, 460 U.S. 325, 345, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)).

Plaintiff also states, in conclusory terms, that Defendant Lucas collaborated with his psychologist to fabricate the false testimony. He cannot state a claim to the extent it is based on a conspiracy to give false testimony, because witness immunity also extends to conspiracies to commit perjury. Id. at 981 (citing Franklin v. Terr, 201 F.3d 1098, 1101 (9th Cir. 2000)); see also Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); Demoran v. Witt, 781 F.2d 155, 157–58 (9th Cir. 1986). Thus, to the extent Plaintiff is attempting to state a constitutional claim against Defendant Lucas based on testimony in a judicial proceeding, Plaintiff fails to state claim for relief.

**B.  Heck Bar**

Although Plaintiff is not entirely clear, he appears to allege that Defendant Lucas's testimony was giving in a criminal proceeding, and that Plaintiff was convicted of a crime and given a seventeen-year sentence based on the conviction.

In Heck v. Humphrey, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87. Accordingly, "a state prisoner's [section] 1983

action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005).

Here, Plaintiff alleges that he is serving a seventeen-year sentence as a result of a criminal conviction based on Defendant Lucas's false testimony. If Plaintiff were to succeed on this civil rights claim, it appears that the claim would imply the invalidity of his conviction, because it would show that there was insufficient evidence to support his conviction because the testimony given against him was false, or because his conviction should be set aside based on the existence of exculpatory evidence. The fact that Plaintiff only seeks damages in this action does not affect the application of the Heck bar to this case.

To proceed with a cognizable claim, Plaintiff would have to either plead and demonstrate that his conviction had been overturned, or demonstrate that the Heck bar does not apply here. See, e.g., Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a prisoner's claim that, even if successful, would not necessarily lead to immediate or speedier release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle); see also Hammler v. Wright, No. 2:15-cv-1635-EFP P, 2016 WL 4126758, at *7-8 (E.D. Cal. Aug. 3, 2016) (challenge to loss of credits resulting from disciplinary conviction would not impact the plaintiff's length of confinement, because the plaintiff was serving an indeterminate sentence of sixty-six years to life in prison); Roman v. Knowles, No. 07-cv-1343-JLS (POR), 2011 WL 3741012, *12 (S.D. Cal. June 20, 2011) (finding when the plaintiff is serving a life term, loss of good-conduct credits will have no effect on the inmate's sentence and claim was not barred by Heck).

## V.

## CONCLUSION

For the reasons discussed, Plaintiff has not stated a cognizable claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, to the extent he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint or notice of voluntary dismissal; and

3. <u>If Plaintiff fails to comply with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated: __**June 15, 2018**__

UNITED STATES MAGISTRATE JUDGE