# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>J. LUCAS,<br><br>        Defendant. | Case No.: 1:18-cv-00396-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DISMISS FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 12)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Melvin Ward is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court for screening is Plaintiff's first amended complaint, filed on June 28, 2018. (ECF No. 12.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names as a defendant Sergeant Lucas, a medical sergeant, and M. Crawley, a psychologist, both at Avenal State Prison. Plaintiff alleges that Dr. Crawley waited 24 hours to make an accusation against Plaintiff, in which she sought and collaborated with Sergeant Lucas the following day. Plaintiff was not arrested until that evening. Plaintiff alleges that the incident took place on March 11th, and Plaintiff was sent to Ad-Seg on March 12th. Plaintiff was not given the incident report within 72 hours of being sent to Ad-Seg.

Dr. Crawley proceeded to type out two duty to warns for Sergeant Lucas, and Sergeant Lucas also typed a duty to warn. There were handwritten notes by Dr. Crawley the day before that showed no threat. Plaintiff did not write any note or agree to any recording.

It was well-known that Sergeant Lucas was not to be a witness at Plaintiff's hearing for 115 because Plaintiff had not spoken to Sergeant Lucas in five years. But Sergeant Lucas testified at

Plaintiff's preliminary hearing and trial as though Plaintiff was talking to him. They had not yet given Plaintiff all the information concerning Dr. Crawley until the second hearing was issued. Plaintiff had proof that he did not say anything, and he became upset because they were violating his rights and they threw Plaintiff out of his hearing. Plaintiff had Dr. Crawley's notes on March 10, 2010.

Plaintiff attaches a crime incident report to his complaint, CDCR 837-A1, for a March 11, 2010 incident. It states that on March 11, 2010, Plaintiff made threatening statements towards custody staff during a therapy session with Dr. Crawley, a clinical psychologist. (First Am. Compl., ECF No. 12, at 6.) It further states that during the interview, Plaintiff states that he would "take out an officer," that he will "get at a Correctional Officer," that he "want[s] to leave this place," and that he "would do what he needed to do to get off of the Facility I." (Id.) The report also states that Plaintiff said that he would kill Sergeant Lucas. (Id.) The report indicates that Plaintiff was re-housed into Ad-Seg during review of a CDCR 115 Rules Violation Report ("RVR") for threatening the life of a public official, CCR Title 15 Section 3005(d)(1). (Id.)

Next, Plaintiff attaches a CDCR 837-C Staff Report by Dr. Crawley, in which she wrote that Plaintiff made threatening statements against custody staff during a confidential therapy session on March 11, 2010. (Id. at 8.) The report states that Dr. Crawley warned Plaintiff during the session that direct threats must be reported, and that she would notify the intended victim, the facility captain, and the Chief of Mental Health. (Id.)

Plaintiff also attaches a CDCR 837-C Staff Report by Sergeant Lucas. (Id. at 11.) Sergeant Lucas wrote that on March 12, 2010, he was informed by Dr. Crawley that she interviewed Plaintiff the previous day, and that he told Dr. Crawley that he would kill Sergeant Lucas if given the chance. (Id.) Sergeant Lucas wrote that it had been several years since he had any interaction with Plaintiff, but he considered the threat to be genuine, and he requested that Plaintiff be re-housed or transferred for safety. (Id.)

Plaintiff asserts a claim for due process and that the lack of due process led to cruel and unusual punishment. Plaintiff seeks relief from the RVR 115 to nullify his conviction by the state, and monetary relief.

///

# III.

# DISCUSSION

**A.     Due Process**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) advanced written notice of at least 24 hours of the charges against him; (2) an opportunity to call witnesses and present documentary evidence, to the extent consistent with institutional security; (3) assistance at the hearing if he is illiterate or if the matter is particularly complex; (4) an impartial fact finder; and (5) a written statement by the fact finder identifying the evidence relied on and the reasons for the decision.  Id. at 564-66, 570-71. A finding of guilt must be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff has not stated a due process claim.  Plaintiff has only named as defendants Sergeant Lucas and Dr. Crawley.  However, they were witnesses in his RVR proceedings, not people responsible for ensuring that he had sufficient due process in his hearing.  Moreover, Plaintiff complains that Dr. Crawley waited 24 hours from the incident in question to make a complaint, and that he did not get a copy of the incident report within 72 hours of being sent to Ad-Seg.  These issues do not state a violation of due process under the Wolff standards explained above, as he has not shown he had insufficient notice of the charges against him.

Further, Plaintiff complains that he was not given Dr. Crawley's notes from before the incident in question which showed that he was not a threat until during the hearing process.  As the incident is based on what happened on March 11, 2010, the lack of being provided other notes in advance of the haring does not show that he had insufficient notice of the evidence relied upon against him and the reasons for the decision.  Further, although Plaintiff did not agree with Sergeant Lucas being called as a witness, he does not show that he did not have an opportunity to question the witness.  Thus, none of his allegations are sufficient to show any due process violation.

To the extent Plaintiff bases a claim against Sergeant Lucas for giving testimony against him, he cannot state a claim.  As he has been previously informed, a testifying witness is absolutely

4

immune from any § 1983 claim for giving testimony. See Meyers v. Contra Costa Cty. Dep't of Soc. Servs., 812 F.2d 1154, 1156 (9th Cir. 1987) ("[W]itnesses are immune from liability [under § 1983] for their testimony"). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." Paine v. City of Lompoc, 265 F.3d 975, 981 (9th Cir. 2001) (citing Briscoe v. LaHue, 460 U.S. 325, 345, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)).

Plaintiff also states, in conclusory terms, that Sergeant Lucas and Dr. Crawley collaborated to present testimony against him. He cannot state a claim to the extent it is based on a conspiracy to give testimony, because witness immunity also extends to conspiracies to testify, including to conspiracies to give false testimony or commit perjury. Id. at 981 (citing Franklin v. Terr, 201 F.3d 1098, 1101 (9th Cir. 2000)); see also Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); Demoran v. Witt, 781 F.2d 155, 157–58 (9th Cir. 1986).

Based on the foregoing, Plaintiff has not stated any claim for relief.

**B.    Heck Bar**

As noted above, Plaintiff has also pleaded that he was convicted of the charges for his alleged conduct here, and as relief in this action he seeks to nullify his conviction. Previously, Plaintiff alleged that he is serving a seventeen-year sentence as a result of a criminal conviction based on the events alleged in this action.

In Heck v. Humphrey, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005).

///

If Plaintiff were to succeed on this civil rights claim, then the claim would imply the invalidity of his conviction, because it would show that his conviction should be set aside for due process violations. To proceed with a cognizable claim, Plaintiff would have to plead and demonstrate that his conviction had been overturned. See, e.g., Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a prisoner's claim that, even if successful, would not necessarily lead to immediate or speedier release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle); see also Hammler v. Wright, No. 2:15-cv-1635-EFP P, 2016 WL 4126758, at *7-8 (E.D. Cal. Aug. 3, 2016) (challenge to loss of credits resulting from disciplinary conviction would not impact the plaintiff's length of confinement, because the plaintiff was serving an indeterminate sentence of sixty-six years to life in prison); Roman v. Knowles, No. 07-cv-1343-JLS (POR), 2011 WL 3741012, *12 (S.D. Cal. June 20, 2011) (finding when the plaintiff is serving a life term, loss of good-conduct credits will have no effect on the inmate's sentence and claim was not barred by Heck). Plaintiff was advised of these standards, but has not pleaded that he has overturned his conviction.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).

Because Plaintiff seeks to challenge his conviction and the duration of his sentence, the proper avenue to seek such relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Plaintiff is advised that the proper venue for challenging the execution of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated. 28 U.S.C. § 2241(d). Accordingly, to the extent Plaintiff wishes to challenge the duration of his confinement he must file a habeas corpus petition in the district court containing the sentencing court. For this

additional reason, his claim must be dismissed, as it is not cognizable under Section 1983. This deficiency cannot be cured by amendment, and therefore further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## IV.
## CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for the failure to state a cognizable claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 2, 2018**

UNITED STATES MAGISTRATE JUDGE